UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WILLIAM A. STARK | CIVIL ACTION |
| VERSUS | NO: 18-9430 |
| HOME DEPOT U.S.A., INC. | SECTION: T(3) |

## ORDER

Before the Court is a motion for summary judgment[1] and reply brief[2] filed by the defendant, Home Depot U.S.A., Inc. ("Home Depot"). William A. Stark ("Plaintiff") has filed an opposition[3] and a surreply brief.[4] For the following reasons, the motion for summary judgment is **GRANTED.**

## FACTUAL AND PROCEDURAL BACKGROUND

This lawsuit involves Plaintiff's negligence claim arising out of an injury incurred while transporting a water heater from Home Depot.[5] Plaintiff testified that he entered Home Depot on October 17, 2017, and told two employees he would need some help because he wanted to buy a water heater.[6] One of the employees walked away without saying anything, and the other said "I'll meet you back there."[7] Plaintiff located the water heater and "walked it out into the aisle" while he was waiting on the store associate.[8] The store associate showed up with a yellow dolly, pushed

---

[1] R. Doc. 13.
[2] R. Doc. 39.
[3] R. Doc. 29.
[4] R. Doc. 42.
[5] R. Doc. 1.
[6] R. Doc. 13-2, p.34, lines 11-13.
[7] R. Doc. 13-2, p.34, line 16.
[8] R. Doc. 13-2, p. 38, line 19.

1

it up against the water heater, and said "I'll hold the dolly and you get it on there."[9] Plaintiff placed the water heater onto the dolly and "pushed his neck out of place" in the process.[10]

Plaintiff brought this action asserting a negligence claim against Home Depot seeking damages for his injuries.[11] Home Depot now moves for summary judgment contending the undisputed material facts demonstrate that Home Depot did not have a duty to assist Plaintiff and that Plaintiff cannot establish causation to support a negligence claim.[12] Plaintiff's opposition asserts that, although there is no case on point regarding a retailer's duty to render assistance to a customer, the Louisiana Supreme Court would find a duty to assist in the present case.[13] Plaintiff also argues there are disputed facts regarding the issue of fault.[14]

## LAW AND ANALYSIS

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[15] "The evidence should be viewed in the light most favorable to the non-moving party, and this court should refrain from making credibility determinations or from weighing the evidence."[16] A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[17]

In resolving negligence cases, Louisiana employs a duty-risk analysis, whereby a plaintiff must establish: (1) the defendant had a duty to conform his conduct to a specific standard; (2) the defendant failed to conform his conduct to the appropriate standard; (3) the defendant's

---

[9] R. Doc. 13-2, p. 40, lines 6-7.
[10] R. Doc. 13-2, p. 49, lines 13-14.
[11] R. Doc. 1.
[12] R. Doc. 13-1.
[13] R. Doc. 29.
[14] R. Doc. 29.
[15] Fed. R. Civ. P. 56(a).
[16] *Gray v. Powers*, 673 F.3d 352, 354 (5th Cir.2012) (citation and quotation marks omitted).
[17] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

substandard conduct was a cause-in-fact of the injuries; (4) the defendant's substandard conduct was a legal cause of the injuries; and (5) proof of actual damages.[18] Both Louisiana courts and federal courts applying Louisiana law routinely grant motions for summary judgment dismissing tort claims when plaintiffs cannot produce evidence of all five elements.[19]

Home Depot argues that it had no duty to assist Plaintiff in this case.[20] Whether a duty is owed is a question of law.[21] The inquiry is whether the plaintiff has any law (statutory, jurisprudential, or arising from general principles of fault) to support the claim that the defendant owed him a duty.[22] In this case, Home Depot correctly points out that there is no duty requiring a merchant to assist a customer under Louisiana law.[23] The Louisiana cases cited by Home Depot declined to impose a duty to assist under the circumstances presented.[24] In *Hendricks v. Maison Blanche Co.*, the court found there was no duty to assist a customer stepping down from a shoeshine stand.[25] In *Griffin v. Danos & Curole Marine Contractors, Inc.*, the court found there was no duty to assist in unloading a truck.[26] Plaintiff has failed to cite any authority establishing a duty to assist under Louisiana law.

---

[18] *Hanks v. Entergy Corp.,* 944 So.2d 564, 578 (La. 2006).
[19] *See, e.g., Brown v. United States,* No. 16-8954, 2017 WL 3267337, at *2 (E.D. La. Aug. 1, 2017) (dismissing premises liability claim on summary judgment because plaintiff could produce no evidence that the dangerous condition existed for any length of time or that defendant had notice); *Lucas v. United States*, No. 16-5009, 2017 WL 1549547, at *4 (E.D. La. May 1, 2017) (Fallon, J.) (dismissing medical malpractice claim on summary judgment when plaintiff could produce no evidence that doctor breached standard of care); *Broussard v. Retail Inv'rs of Tex., Ltd*., 123 So. 3d 912, 917 (La. App. 3 Cir. 2013) (affirming summary judgment for property owner when plaintiff could not offer evidence of what caused her fall); *Jackson v. Home Depot, Inc.,* 906 So. 2d 721, 726 (La. App. 1 Cir. 2005) (affirming dismissal of negligence claim because plaintiff could not produce evidence that employee struck him).
[20] R. Doc. 13-1, pp.3-4.
[21] *Lemann v. Essen Lane Daiquiris, Inc.,* 2005-1095 (La. 3/10/06), 923 So. 2d 627, 633.
[22] *Lemann,* 923 So. 2d at 633 (*citing Faucheaux v. Terrebonne Consolidated Government*, 615 So.2d 289, 292 (La.1993)).
[23] R. Doc. 13-1, p.4.
[24] R. Doc. 13-1, p.5 (*citing Hendricks v. Maison Blanche Co*., 5 La. App. 410, 410 (1927); *Griffin v. Danos & Curole Marine Contractors, Inc.,* 94-1789 (La. App. 1 Cir. 5/5/95), 655 So. 2d 525, 526, *writ denied*, 95-1383 (La. 9/15/95), 660 So. 2d 451).
[25] *Hendricks,* 5 La. App. at 410.
[26] *Griffin*, 655 So. 2d at 526.

Home Depot further argues that it had no duty to assist Plaintiff because the potentially hazardous condition was open and obvious.[27] Under Louisiana law, "a defendant generally does not have a duty to protect against that which is obvious and apparent."[28] In this case, Plaintiff testified he did not need a warning label to know it would take more than one person to lift the water heater.[29] Plaintiff also testified he knew the water heater and the box weighed about 100 pounds,[30] and he has purchased hot water heaters in the past.[31] Thus, the admissible summary judgment evidence supports that the danger associated with lifting a hot water heater was open, obvious, and known to the Plaintiff.

The Court finds that Home Depot did not have a duty to assist Plaintiff in this case because Louisiana law does not impose a duty on merchants to assist customers in lifting products and the danger of lifting the water heater was open and obvious. Because Home Depot did not have duty to assist Plaintiff in this case, Home Depot is entitled to judgment as a matter of law.

## **CONCLUSION**

Accordingly, for the foregoing reasons, **IT IS ORDERED** that the motion for summary judgment is **GRANTED.** Plaintiff's claims are **DISMISSED WITH PREJUDICE.**

**New Orleans, Louisiana**, on this 25th day of September, 2019.

**GREG GERARD GUIDRY**
**UNITED STATES DISTRICT JUDGE**

---

[27] R. Doc. 13-1, pp.3-4.
[28] *Bufkin v. Felipe's Louisiana, LLC*, 171 So.3d 853, 856 (La. 2014) (*citing Broussard v. State ex rel. Office of State Buildings*, 12–1238 (La.4/5/13), 113 So.3d 175, 184; *Hutchinson v. Knights of Columbus, Council No*. 5747, 03–1533 (La.2/20/04), 866 So.2d 228, 234).
[29] R. Doc. 13-2, p. 23, lines 1-4.
[30] R. Doc. 13-2, p. 46, lines 4-9.
[31] R. Doc. 13-2, p. 26, lines 12-17.